FERNÁNDEZ, PLAINTIFF AND APPELLEE, *v.* RUIZ SOLER ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1882.—Decided February 18, 1919.

JUDGMENT ON PLEADINGS—LIMITATION OF ACTION—COMMERCIAL PAPER—PRESUMPTION—PROMISSORY NOTE.—Section 132 of the Code of Civil Procedure provides that every material allegation of the complaint not controverted by

the answer must, for the purposes of the action, be taken as true; therefore it was proper in this case to enter judgment based on the allegations of the complaint, according to which the action was barred by limitation because article 950 of the Code of Commerce is applicable to promissory notes payable to order unless the presumption that they are commercial paper is destroyed.

AMENDMENT — COMPLAINT — PLEADING — COMMERCIAL PAPER — PRESUMPTION. — Plaintiff not having asked leave of the court to amend his complaint by adding some allegation that would destroy the presumption that the document was commercial paper, the question of limitation remained in issue under the original allegations of the complaint and the defendant had a right to have it decided without the admission of evidence to supply the lack of an allegation which should have been made by amendment.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for the appellants.

*Mr. Manuel Ginorio* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought by Alfonso M. Fernández against José Ruiz Soler and José E. Benítez in the District Court of San Juan to recover on a promissory note.

The said note, which is copied into the complaint filed on January 17, 1917, reads as follows:

"$2,000, U. S. Cy.

"We jointly promise to pay to the order of Alfonso M. Fernández in this city on the twenty-sixth day of July next, two thousand dollars, value received from Alfonso M. Fernández. Said amount shall bear interest at 1 per cent monthly, payable at the end of each month. In case of default we will pay 12 per cent annual interest and in the event of suit all expenses, including plaintiff's attorney fees. We pledge such property as we now and may hereafter possess; we expressly submit to the regular courts of this city, and we waive any laws that may favor us.

"San Juan, Porto Rico, July 26, 1910. José E. Benítez. J. Ruiz Soler, sureties. Witness, Juan de Arruza."

As fundamental grounds for his action the plaintiff alleges that on July 26, 1910, defendants José Ruiz Soler and José E. Benítez acknowledged that they were jointly indebted to the plaintiff in the sum of $2,000, which they bound

themselves to pay to the creditor on the same day and month of 1911, with interest at the rate of 1 per cent monthly, and also agreed that in case of default they would pay the said rate of interest; that on November 10, 1911, the defendants paid him $1,000 on the promissory note; that they now owe him the balance of $1,000, together with $629.38 as accrued and unpaid interest up to December 31, 1916, and that he has agreed to pay $300 to his attorney as fees for prosecuting this action.

The complaint concludes with a prayer for judgment against the defendants jointly for $1,000 as principal, $629.38 as accrued and unpaid interest, and the interest which may accrue until the debt is fully discharged, together with the costs and expenses of the action and $300 attorney fees.

After demurring to the complaint on the grounds that the action was barred by limitation, pursuant to the provisions of article 950 of the Code of Commerce, and that the complaint does not state facts sufficient to constitute a cause of action, defendant José Ruiz Soler answered the complaint by simply reproducing the plea of limitation previously set up in his demurrer.

The case went to trial and both parties appeared by their respective attorneys. Counsel for defendant Ruiz Soler moved that inasmuch as the facts alleged in the complaint were not denied and only a question of law was involved, the court should take the matter under its consideration without requiring the introduction of evidence. The attorney for the plaintiff opposed the motion and the court allowed the plaintiff to introduce evidence to show that the debt sued for was not of a commercial character. That ruling was excepted to by Ruiz Soler on the ground that as there was nothing in the complaint tending to destroy the presumption that the obligation was a commercial one, no evidence could be introduced to destroy that presumption.

The evidence of the plaintiff was examined, but none was

offered by the defendant, and on January 9, 1918, the court rendered judgment sustaining the complaint and adjudging that defendant José Ruiz Soler pay to plaintiff Alfonso M. Fernández the sum of $1,000 as principal, $629.38 as accrued interest to December 31, 1916, and the costs.

Defendant José Ruiz Soler appealed from that judgment to this court and sets up as grounds for the appeal that the trial court erred in not sustaining the demurrer that the action was barred by limitation, in violation of article 950 of the Code of Commerce, and that it also erred in overruling the motion that the case be decided on the pleadings and in allowing the plaintiff to introduce evidence to show that the debt sued for is not of a commercial character.

The appellant is right. Section 132 of the Code of Civil Procedure provides that every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true. This being so, judgment should have been rendered on the plaintiff's pleadings and according thereto the action was barred by limitation under the law applicable to the case.

Article 950 of the Code of Commerce provides that actions arising from drafts shall extinguish three years after they have fallen due, should they have been protested or not, and that a similar rule shall be applied to drafts and promissory notes of commerce, etc., and this court has held repeatedly that promissory notes payable to order should be presumed to be commercial paper in the absence of proof to the contrary. *Hernández* v. *Muñiz,* 10 P. R. R. 16; *Rosaly* v. *Alvarado,* 17 P. R. R. 100; *J. Ochoa & Brother* v. *Heirs of Lanza,* 17 P. R. R. 398, and *Vázquez* v. *Laíno,* 23 P. R. R. 218.

The complaint shows that the promissory note was signed on July 26, 1910, and that only one partial payment was made on November 10, 1911, and as it must be presumed that the note is commercial paper because there is no showing in the complaint to the contrary, it is evident that the limita-

tion of three years prescribed had expired on January 17, 1917, the date on which the complaint was filed.

As plaintiff did not move the court for leave to amend the complaint by inserting therein some allegation to overcome the presumption that the note was commercial paper, the legal question of limitation was at issue under the original allegations of the complaint and the defendant was entitled thereunder to have the question decided without the admission of evidence to supply the omission of an allegation which should have been made by amendment.

The judgment appealed from should be reversed, without prejudice to the right of the plaintiff to move for leave to amend the complaint.

*Reversed without prejudice.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.